

Villanova University School of Law
Villanova University School of Law Digital Repository

2006 Decisions

Opinions of the United
States Court of Appeals
for the Third Circuit

3-30-2006

# USA v. Walker

Precedential or Non-Precedential: Non-Precedential

Docket No. 05-2624

Follow this and additional works at: http://digitalcommons.law.villanova.edu/thirdcircuit_2006

Recommended Citation

"USA v. Walker" (2006). *2006 Decisions*. Paper 1363.
http://digitalcommons.law.villanova.edu/thirdcircuit_2006/1363

This decision is brought to you for free and open access by the Opinions of the United States Court of Appeals for the Third Circuit at Villanova University School of Law Digital Repository. It has been accepted for inclusion in 2006 Decisions by an authorized administrator of Villanova University School of Law Digital Repository. For more information, please contact Benjamin.Carlson@law.villanova.edu.

**NOT PRECEDENTIAL**

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT

———————

No. 05-2624

———————

UNITED STATES OF AMERICA

v.

MICHAEL WALKER,
                    *Appellant*

On Appeal from the United States District Court
for the Middle District of Pennsylvania
(D.C. No. 04-cr-00280-1)
District Judge: Honorable William J. Nealon

———————

Submitted under Third Circuit LAR 34.1(a)
March 28, 2006

Before: RENDELL, SMITH, and BECKER, *Circuit Judges*

(Filed March 30, 2006)

OPINION OF THE COURT

———————

BECKER, *Circuit Judge.*

Michael Walker appeals from the judgment of sentence imposed on May 11, 2005,

committing him to 120 months imprisonment and 3 years supervised release. Walker

pled guilty to distribution of cocaine base, in violation of 21 U.S.C. § 841(a). As part of the plea agreement, he stipulated that he distributed or possessed with intent to distribute 50 to 150 grams of cocaine base. Walker contends that the sentence is unduly severe given evidence of Walker's support for his biological children and his girlfriend's other two children, his immediate acceptance of responsibility, and his potential for rehabilitation. Additionally, Walker submits that a sentence as harsh as ten years was unnecessary to deter Walker or others from future crime. His legal argument (this is a post-*Booker* sentence), *see United States v. Booker*, 543 U.S. 220 (2005), is that the sentence was unreasonable under the dictates of 18 U.S.C. § 3553(a).

We have carefully examined the transcript of sentencing. Walker's counsel advanced each of these arguments and presented the testimony of Walker's girlfriend, and Judge Nealon listened and engaged in colloquy. After doing so, Judge Nealon declared that "the court finds . . . a sentence of 120 months to be reasonable in view of the considerations expressed in 18 U.S. Code Section 3553(a)" and "the government's motion for downward departure pursuant to Sentencing Guideline 5K1.1."[1] He noted, *inter alia*, Walker's "long road of criminal offenses" starting at age 12. The ultimate sentence was well below the minimum guidelines range.

To the extent that Walker is alleging error for failure to depart downward on account of family ties and responsibilities, we lack appellate jurisdiction. *See United*

---

[1]Walker received a Guidelines § 5K1.1 downward departure, as well as a three-point reduction for acceptance of responsibility.

*States v. Cooper,* 437 F.3d 324, 333 (3d Cir. 2006).  Otherwise we have authority to review the sentence for reasonableness.  *See id.* at 327.  However, the Court did everything  the *Cooper* panel requires in terms of its analysis and we find no error in its determination of reasonableness.

The judgment of sentence will be affirmed.